| | |
|---|---|
| JOHN TAYLOR | CIVIL ACTION |
| VERSUS | NO. 18-14239 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL. | SECTION A(1) |

ORDER AND REASONS

Before the Court is a Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 7) filed by Defendants Deutsche Bank National Trust Company and Ocwen Loan Servicing, LLC (herein after collectively referred to as "Defendants"). The motion, set for submission on March 20, 2019, is before the Court. The Court notes that the motion is not opposed.[1] Having considered the motion and memorandum of counsel, the record, and the applicable law, the Court finds that Defendants' motion should be **GRANTED** for the reasons set forth below.

**I.   Background**

Plaintiff owns immovable property located in New Orleans, Louisiana. (Rec. Doc. 1 Complaint, p. 2). On March 28, 2007, Plaintiff executed a promissory note to finance the immovable property. (Rec. Doc. 7-1, p. 2). Plaintiff's mortgage loan is held by Deutsche Bank National Trust Company ("Deutsche Bank") and serviced by Ocwen Loan Servicing, LLC ("Ocwen"). (*Id.* at 1). On October 21, 2015, Plaintiff executed a loan modification with Ocwen. (Rec. Doc. 7-2, p. 34). Plaintiff defaulted on the loan, and on May 28, 2017, Deutsche Bank filed a Petition for Executory Process in Orleans Parish Civil District Court. (Rec. Doc. 7-2 p.1). The

---

[1] The Court will not take into consideration Plaintiff's failure to respond. The motion will be ruled upon the merits only.

court then issued an Order of Executory Process (Rec. Doc. 7-2, p.69), and the clerk of court issued a Writ of Seizure (Rec. Doc. 7-3). Prior to the Sheriff's sale, Deutsche Bank voluntarily dismissed the state court foreclosure action. (Rec. Doc. 7-4).

Plaintiff filed the instant suit for declaratory, injunctive, compensatory, and punitive relief, and pursue several claims including: detrimental reliance; fraud; unconscionable contract; breach of contract; breach of fiduciary duty; quite title; and slander of title. (Rec. Doc. 1, pp. 6-20). Defendants now request this Court to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II. Legal Standard

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney*, Ltd., 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. (citing *Bell Atlantic Corp. v. Twombly,* 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id*. (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id*. The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*. (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id*. (quoting *Iqbal*, 129 S. Ct. at 1950).

### III. Discussion

Defendants argue that Plaintiff's numerous claims fail as a matter of law or are inadequately pled and cannot be cured through an amendment to the Complaint. (Rec. Doc. 7-1, p. 1). Defendants address each of Plaintiff's claims individually as to why this Court should dismiss each claim; the Court will proceed likewise.

#### A. Detrimental Reliance

Louisiana Civil Code Article 1967 provides, "A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." In order to prove detrimental reliance, a plaintiff must prove: (1) a representation by conduct or word made by the defendant; (2) justifiable reliance on behalf of the plaintiff; and (3) a change in position to the plaintiff's detriment because of the reliance. *Luther v. IOM Co. LLC,* 130 So.3d 817, 825 (La. 2013). Louisiana law does not favor detrimental reliance; therefore, a plaintiff may not avail himself of this doctrine if he cannot prove all of these elements. *Id.*

Plaintiff pleads that Defendants' actions are fraudulent, false, and deceptive. (Rec. Doc. 1, p. 6). Plaintiff claims to be a victim of predatory lending as he was provided with a loan he could not pay, and he detrimentally relied on the servicer's representation that it would grant him a modification. (*Id.* at 7). Plaintiff asserts that he requested a modification several times, but Defendants repeatedly denied his requests. (*Id.*).

Defendants assert that Plaintiff failed to present allegations that Defendants made any representations or took any actions to guarantee a loan modification. (Rec. Doc. 7-1, p. 6). Defendants argue that to the contrary, Plaintiff did receive a loan modification, and Plaintiff's position did not incur a detrimental change because the state court foreclosure action was dismissed. (*Id.*).

The Complaint provides that Plaintiff originally purchased the immovable property for $136,000. (Rec. Doc. 1, p. 4). On October 15, 2015, Ocwen Loan Servicing offered a Loan Modification Agreement for the immovable property which is the subject of this litigation. (Rec. Doc. 7-2, p. 33). Plaintiff signed the agreement on October 21, 2015. (*Id.* at 34). The Complaint articulates that Plaintiff did receive a modification at a two percent interest rate which is reflected in the Loan Modification Agreement. (Rec. Doc. 1, p. 4). The Court notes that the modification agreement provides, "You agree that the new principal balance due under your modified Note and the Mortgage will be $239,018.68." (Rec. Doc. 7-2, p. 33). The Court finds that Plaintiff failed to properly plead a claim for detrimental reliance.

### B. Fraud and Breach of Fiduciary Duty

The Louisiana Civil Code defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." La. Civ. Code Art. 1953. The Louisiana Supreme Court established the jurisprudential rule that "to find fraud from silence or suppression of the truth, there must exist a duty to speak or to disclose information." *Greene v. Gulf Coast Bank,* 593 So.2d 630, 632 (La. 1992). Nevertheless, certain special circumstances such as a fiduciary relationship will give rise to a duty to speak. *Id.* La. R.S. 6:1124 provides:

> No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary.

The Complaint asserts that Deutsche Bank fraudulently concealed that it was not a Federal Reserve Depository Bank. (Rec. Doc. 1, p. 10). Plaintiff also asserts that Deutsche Bank concealed the full terms of the mortgage contract, it knew or should have known there was no meeting of the minds, and it concealed a third-party Sponsor Bank warehouse lender including the terms of the Securitization Agreements. (*Id.* at 11). Plaintiff argues that as a direct and proximate cause of Deutsche Bank's actions Plaintiff incurred damages, emotional distress, costs, and attorney's fees. (*Id.* at 12). Because of these fraudulent misrepresentations, Plaintiff also asserts a claim for inducement. (*Id.* at 13).

Defendants argue that Plaintiff has inadequately plead a concealment claim because Deutsche Bank did not owe a fiduciary duty to speak. (Rec. Doc. 7-1, p. 7). Defendants assert that Deutsche Bank did not owe a legal duty to disclose the alleged securitization of Plaintiff's mortgage loan, nor did it owe a legal duty to disclose if it was a Federal Reserve Depository Bank. (*Id.* at 9). Defendants state that Plaintiff could have easily discovered, through the exercise of reasonable diligence, publicly available information regarding whether Deutsche Bank is a federally regulated depository bank. (*Id.*). Defendants also argue that Plaintiff's allegations for fraud in the inducement lack particularity in pleading the specific facts. (*Id.* at 10).

According to Louisiana law, Plaintiff's claim for fraud shall be dismissed absent a fiduciary duty established between Deutsche Bank and Plaintiff. Rule 9(b) of the Federal Rules of Civil Procedure provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Complaint is void of pleaded facts

asserting how Deutsche Bank is Plaintiff's fiduciary with any particularity. Upon review of the mortgage and the Loan Modification Agreement (Rec. Doc, 7-2, pp. 33-47), the contract lacks a written agreement establishing a fiduciary relationship. Therefore, the Court finds that Plaintiff's claims for fraud shall be dismissed. Plaintiff pleads a sixth cause of action for a breach of fiduciary duty (Rec. Doc. 1, p. 16). For the reasons stated above, the Court also finds that Plaintiff's claims for breach of fiduciary duty shall be dismissed.

### C. Contract-Based Claims

#### 1. Unconscionable Contract

Louisiana law does not recognize a cause of action pursuant to a theory of an "unconscionable contract." The Complaint alleges that Defendants forced, tricked, and mislead Plaintiff into parting with his property. (Rec. Doc. 1, p. 14). Plaintiff argues that Deutsche Bank failed to clarify the terms of the contract and it knew or should have known that through a "consciousness of innocence" Plaintiff was at a special disadvantage. (*Id.*). Considering that the state foreclosure action was voluntarily dismissed, Louisiana law doesn't recognize a cause of action for unconscionable contract, and the real claim Plaintiff appears to assert is consent vitiated by fraud, addressed above. As such, the Court finds that Plaintiff's claim shall be dismissed.

#### 2. Breach of Contract

The Complaint alleges that Deutsche Bank was paid in full when it sold and relinquished its interest in Plaintiff's immovable property to Deutsche Bank. (Rec. Doc. 1, p. 15). Plaintiff argues that because Deutsche Bank failed to release and reconvey the security instrument, Deutsche Bank breached paragraph 23 of the mortgage. (*Id.*). Defendants assert that Deutsche Bank selling the mortgage to itself does not relinquish its interest. (Rec. Doc. 7-1, p. 14).

Paragraph 23 titled "Foreclosure" provides for the ordinary or executory process in which the lender may foreclose on the property. (Rec. Doc. 7-2, p. 45). As Defendants point out, it appears the appropriate provision Plaintiff intends to invoke is Paragraph 26 titled "Cancelation." Paragraph 26 states,

> Following full payment and satisfaction of all sums secured by the Security Instrument, Borrower may request in writing that the Lender provide the Borrower with the original paraphed Note marked "paid in full", or with an appropriate mortgage cancellation certification, for submission to the Clerk of Court or Recorder of Mortgages for the Parish of Orleans for the purpose of canceling this Security Instrument. Lender may delay providing Borrower with the canceled Note or with a mortgage cancellation certificate for up to 60 days following Lender's receipt of Borrower's request. Unless Lender agrees to cancel this Security Instrument from the public records, Borrower shall be responsible for doing so. Borrower shall pay all cancellation costs.

(Rec. Doc. 7-2, p. 46). The Louisiana Civil Code establishes that the "[i]nterpretation of a contract is the determination of the common intent of the parties." La. Civ. Code Art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequence no further interpretation may be made in search of the parties' intent." La. Civ. Code Art. 2046.

Here, it is clear from the words of the contract that the parties intended for release or cancellation of the obligations upon Plaintiff's full payment and satisfaction of the Note. The Complaint does not plead that Plaintiff paid the Note in full; rather, Plaintiff argues that he will never be able to repay the loan. (Rec. Doc. 1, p. 5). Under this provision, Deutsche Bank also has authority to cancel the mortgage. The Complaint does not plead that Deutsche Bank agreed to cancel the mortgage, and Defendants assert that Deutsche Bank doesn't intend to cancel it. (Rec. Doc. 7-1, p. 15). The Court finds that Plaintiff's claim for breach of contract shall be dismissed.

**D. Quiet Title**

Louisiana jurisprudence establishes the action to quiet a title to remove a cloud on the title. *Daigle v. Pan Am. Production Co.,* 236 La. 578, 108 So.2d 516, 518 (La. 1958). This cause of action is brought by a person claiming ownership of immovable property or a real right against another who has recorded an instrument creating a cloud on the title. *Spencer v. James,* 955 So.2d 1287, 1292 (La. App. 2nd Cir. 2007). In order to prove a *prima facie* case to quiet title, a plaintiff must establish: (1) ownership; (2) a cloud on the title; (3) a description of the property; and (4) a prayer for cancellation of the cloud. *Id* at 1293.

The Complaint provides, all Defendants "claim an interest and estate in the property adverse to Plaintiff in that defendant asserts he is the owner of the note secured by the Mortgage/Deed of Trust to the property the subject of this suit." (Rec. Doc. 1, p. 16). Plaintiff pleads that Defendants assert a right, title, lien, or interest to the property creating a cloud on Plaintiff's title. (*Id.*). Plaintiff alleges that Defendants do not hold a secured claim on the property and should be precluded form asserting the unsecured claim. (*Id.* at 17).

Defendants argue that the state court foreclosure action indicates that there does not exist an invalid instrument or null conveyance establishing a cloud in the property. (Rec. Doc. 7-1, p. 18). The Court agrees. The Parish of Orleans Civil District Court issued an order for a Writ of Seizure and Sale directing the Sheriff of Orleans Parish to seize and sell Plaintiff's property affected by the mortgage. (Rec. Doc. 7-2, p. 69). Considering the property lacks a cloud on the title, the Court finds that the claim for quiet title shall be dismissed.

**E. Slander of Title**

The Complaint asserts a cause of action for "slander of title." Plaintiff pleads, "The act of recording the purported September 10, 2011 Assignment of Deed of Trust into the Official Records of the Orleans County Recorder's Office is a communication to a third party of false

statement derogatory to Plaintiff's title made with malice causing special damages to Plaintiff's claim of title." (Rec. Doc. 1, p. 18). Louisiana law does not recognize "slander of title" as a cause of action. The Court dismisses Plaintiff's allegations regarding "slander of title."

### F. Truth In Lending Act ("TILA")

15 U.S.C. Section 1641 governs the liability of assignees for certain TILA violations of their assignors. Plaintiff asserts in the Complaint that the transfers of the mortgage loan was in violation of TILA because "there are no recorded assignments of the Plaintiffs mortgage to multiple classes of the trust within 30 days the Trust closing date." (Rec. Doc. 1, p. 19). Defendants argue that Louisiana law does not require that an assignment of a promissory note be recorded in the public records. Defendants also assert that any other TILA claims are time-barred. (Rec. Doc. 7-1, pp. 20-21).

Pursuant to 15 U.S.C. § 1640, "any action under this section may be brought in any United States District Court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." Defendants assert that Plaintiff should have asserted his damages claims based on the mortgage and or modification by May 28, 2010, or October 16, 2016, respectively. (Rec. Doc. 7-1, p. 21). The claims Plaintiff attempts to assert under TILA are slightly unclear from the Complaint; nevertheless, they are time barred. Therefore, the Court finds that Plaintiff's claims pursuant to TILA are dismissed. As the Court finds that all of Plaintiff's claims shall be dismissed, any relief therefrom both declaratory and injunctive shall also be dismissed.

### IV. Conclusion

Accordingly;

IT IS ORDERED that Defendants' **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 7)** is **GRANTED**.

New Orleans, Louisiana, this 8th day of May, 2019

                                          JUDGE JAY C. ZAINEY
                                          UNITED STATES DISTRICT JUDGE